# UNITED STATES DISTRICT COURT

|  | Eastern | District of | Pennsylvania |
|---|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| JUSTIN McCOLLUM | |

Case Number:    **DPAE2:09CR00821-001**

USM Number:    64603-066

Rossman Thompson, Esq.
Defendant's Attorney

## THE DEFENDANT:

x  pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)    _____
   which was accepted by the court.

☐ was found guilty on count(s)    _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2314 | Interstate transportation of stolen property | 07/03/2009 | 1 |

     The defendant is sentenced as provided in pages 2 through    5    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)    _____

☐ Count(s)    _____    ☐ is  ☐ are  dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 17, 2010
Date of Imposition of Judgment

_Norma L. Shapiro_
Signature of Judge

Norma L. Shapiro, United States District Judge
Name and Title of Judge

_June 18, 2010_
Date

*[handwritten notation:]*
Copies to:
Defendant
Rossman Thompson G
Nancy Rue. J.
Probation (2) (1)
U.S. Marshal (1)
Pretrial Services
Fiscal
JJM

| | | Judgment—Page 2 of 5 |
|---|---|---|
| DEFENDANT: | JUSTIN McCOLLUM | |
| CASE NUMBER: | DPAE2:09CR00821-001 | |

# PROBATION

The defendant is hereby sentenced to probation for a term of :

60 months on Count 1, the first 90 days of which are to be spent on house arrest with electronic monitoring. Defendant shall comply with the terms and conditions of this manner of supervision, and the Government will bear the cost of electronic monitoring. Defendant shall be permitted to leave his home to go to work (or to seek employment), visit the doctor, attend therapy sessions, and go to church.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

x The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

x The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        JUSTIN McCOLLUM
CASE NUMBER:      **DPAE2:09CR00821-001**

## SPECIAL CONDITIONS OF SUPERVISION

In addition to complying with the standard terms and conditions of supervised release, defendant shall:

1. maintain gainful employment;

2. if unable to maintain gainful employment, attend whatever educational and/or vocational training program his probation officer directs;

3. refrain from obtaining employment in any gambling establishment;

4. if neither working nor in school, perform community service for no less than 20 hours per week at an activity approved by the court on recommendation of his probation officer;

5. attend and participate in mental health counselling and/or treatment on an in-patient or out-patient basis and attend individual therapy sessions (or group therapy sessions after a substantial number of individual sessions have occurred) as scheduled until excused from this obligation by the court;

6. refrain from frequenting gambling establishments or engaging in gambling in any form;

7. make regular payments toward his financial obligations to this court ($100 special assessment and $65,782 restitution) in monthly installments of no less than $100, to begin immediately (this amount may be adjusted upon receipt from his probation officer of a financial report 30 days after the imposition of sentence);

8. refrain from incurring any new credit charges or opening additional lines of credit without the approval of his probation officer unless he is in compliance with a payment schedule for his financial obligations;

9. provide his probation officer with full disclosure of his financial records including yearly income tax returns upon request, cooperate with his probation officer in the investigation of his financial dealings, and provide truthful monthly statements of his income;

10. refrain from encumbering or liquidating interest in any assets unless it is in direct service of his financial obligations or otherwise approved by the court; and

11. notify the U.S. Attorney's office within 30 days of any change of mailing address or residence that occurs while any portion of his financial obligations to the court remain unpaid.

Once defendant begins supervision, the probation office shall provide written reports to the court every ninety (90) days.

DEFENDANT:          JUSTIN McCOLLUM
CASE NUMBER:        DPAE2:09CR00821-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|-----------|------|-------------|
| **TOTALS** | $ 100.00 | $ -0- | $ 65,782.00 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| NCR Global Security | 65,782 | 65,782 | 100% |

**TOTALS**          $ _____65782          $ _____65782

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the  ☐ fine  X restitution.

   ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page    5    of    5

DEFENDANT:        JUSTIN McCOLLUM
CASE NUMBER:    **DPAE2:09CR00821-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    ☐    Lump sum payment of $ _____ due immediately, balance due

        ☐    not later than _____ , or
        in accordance      ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    X    Payment in equal    __monthly__    (e.g., weekly, monthly, quarterly) installments of $  __100.00__    over a period of
    __5 years__    (e.g., months or years), to commence    __30 days__    (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
    A 2007 Buick Lucerne, VIN 1G4HD57228U124606; and the sum of $65,782.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.